UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re )
) Case No. _____
)
)
) NOTICE OF **POST**-CONFIRMATION
) AMENDMENT OF PLAN
)
Debtor(s) )

The proponent, who is _____, [i.e., debtor; trustee; or creditor (also state type of claim and any business name)] and whose name and address are: _____
_____, by and through the undersigned certifies that:

1. An original amended plan dated _____ was attached to the original of this Notice AND has been filed with the Clerk of Court.

2. The confirmed plan, dated _____, shall remain in full force and effect unless the amended plan becomes the plan.

3. The trustee's name and address are: _____
   _____.

4. *(IF proponent is the DEBTOR, CHECK ONE of the following two options)*   Attached, and verified as true and correct, are updated versions of Schedules A (including present amount of any secured debt on property), B, I, J AND a copy of the latest real property tax assessment statement; OR   The trustee has waived the requirement of updated Schedules A, B, I, J and a copy of the latest real property tax assessment. Debtor will provide those documents promptly upon request by any interested party and/or the court.

5. PRIOR to filing this plan with the Clerk, a separate summary of the amendments, a copy of the plan, all schedules and statements required by paragraph 4 above, and any other pertinent information were served on the trustee who either: (a) approved the plan affirmatively or by silence by failure to notify proponent of his objection within 14 days of the date it was served on him, or (b) requested amendments which were unacceptable to the proponent.

6. On _____ copies of this Notice AND the amended plan described above were served on the debtor(s); any debtor's attorney; trustee; U.S. Trustee; and all creditors (or if original time to file claims has expired, only on creditors who filed claims and entities that filed a request to receive all case notices).

Date: _____  _____
                 Signature, Relation to Proponent, **AND** Proponent's Contact Phone #

                 _____
                 (If debtor is proponent) Debtor's Address (unless shown above) **&** Taxpayer ID#(s) (last 4 digits)

**NOTICE IS GIVEN THAT** the amended plan described above shall become the plan, pursuant to 11 USC §1329(b) if a Ch. 13 case or 11 USC §1229(b) if a Ch. 12 case, unless within 21 days of the service date in paragraph 6 above the trustee or other interested party BOTH: (1) files written objections, setting forth the specific grounds for objection, with the Clerk of Court (i.e., if the 5-digit portion of the Case No. begins with "3" or "4", mail to 1001 S.W. 5th Ave. #700, Portland OR 97204; OR, if it begins with "6" or "7", mail to 405 E 8th Ave #2600, Eugene OR 97401), AND (2) serves copies thereof on the proponent AND the trustee named in paragraph 3 above. The terms of the previously entered Confirmation Order shall continue to apply except to the extent such terms are inconsistent with the amended Plan.

CLERK, U.S. BANKRUPTCY COURT

1355.10 (5/1/09)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re           )
              ) Case No. _____
              ) (NOTE: If blank, Case No. will be on the Meeting of Creditors Notice)
              )
              ) **CHAPTER 13 PLAN DATED _____; AND**
              ) ☐ **MOTION TO VALUE COLLATERAL** (See Paragraph 2(b)(1) and (2) below);
              ) ☐ **MOTION TO AVOID LIENS** (See Paragraph 6 below)
              ) ☐ **THIS PLAN SETS OUT NONSTANDARD PROVISIONS BEGINNING WITH**
Debtor(s)         ) **PARAGRAPH 10**

**NOTICE TO INTERESTED PARTIES: Your rights may be affected. Your claim may be modified or eliminated.** You should read these papers carefully and discuss them with your attorney. If you do not have one, you may wish to consult one.

*If you oppose the Plan* treatment of your claim or any provision of this Plan, you must file an objection to confirmation (or one must be filed on your behalf) within fourteen days after the conclusion of the meeting of creditors, unless otherwise ordered by the Bankruptcy Court or provided in a notice of amendment. See Local Bankruptcy Rule 3015-3(c). **Failure of a creditor to file a written objection to the plan shall constitute acceptance of the plan and the Bankruptcy Court may confirm the plan without further notice**. If there are any additional plan provisions or provisions that alter the language of paragraphs 1-9, they shall be outlined in paragraphs 10+ below.

1. The debtor shall pay to the trustee:

    (a) a monthly payment of $_____ ;

    (b) all proceeds from avoided transfers, including proceeds from transfers avoided by the trustee;

    (c) upon receipt by the debtor, all tax refunds attributable to prepetition tax years and, upon receipt by the debtor, net tax refunds (i.e., tax refunds not otherwise provided for in the plan, less tax paid by debtor for a deficiency shown on any tax return for that same tax year or tax paid by setoff by a tax agency for a postpetition tax year) attributable to postpetition tax years during the: ☐ 36 months or ☐ 60 months from the date the first plan payment is due (note: refunds for the first three years of the plan are due in cases with 36 month commitment periods; refunds for all five years are due in cases with 60 month commitment periods);

    (d) a lump sum payment of $_____ on or before _____ (date); and

    (e) _____ .

    Debtor acknowledges that if the debtor is ever more than 30 days delinquent on any payment due under section 1(a) of this plan, upon motion of the trustee granted by the court after appropriate notice, a wage deduction order to debtor's employer may be issued immediately.

2. The trustee shall disburse all funds received pursuant to paragraph 1 as follows:

    (a) First, to the trustee's percentage fee and expenses.

    (b) Second, to secured creditors as provided in (1) and (2) below. Should the trustee not have sufficient funds in trust to pay fully the disbursements listed below, disbursements of funds available shall be made pro rata. The terms of the debtor's prepetition agreement with each secured creditor shall continue to apply, except as otherwise provided in this plan or in the order confirming plan. Secured creditors shall retain their liens until payment of the underlying debt, determined under nonbankruptcy law, or discharge under §1328(a), at which time the lien shall terminate and be released by the creditor.

     (1) **Cure of Default and Claim Modification**. The debtor will cure the default and maintain the contractual installment payments (as provided in paragraph 4) on the secured claims listed below in the "Estimated Arrearage if Curing" column. The amount listed in this column is an estimate; the creditor's timely filed and allowed claim shall control. Claims provided for in the "Collateral Value if Not Paying in Full" column are allowed secured claims only to the extent of the value indicated, and pursuant to §506(a), the debtor MOVES the court for an order fixing the value of the collateral in the amount stated below. Unless a creditor timely objects to confirmation, the value of the creditor's interest in the collateral shall be limited to the amount listed below, and that amount will be paid under the plan with interest at the rate stated below.

1300.14 (12/1/16)            Page 1 of 4         **[Note: Printed text may not be stricken.]**

Case 15-33230-tmb13  Doc 64  Filed 03/30/17

For claims provided for in the "Estimated Secured Claim if Paying Secured Claim in Full" column, the creditor will receive the amount of the claim that is secured as set forth on the creditor's timely proof of claim, except as follows: If the claim is a "910 claim" not subject to 11 U.S.C. §506 pursuant to the hanging paragraph of 11 U.S.C. §1325(a)(9), the creditor will receive the total amount of the claim set forth on the creditor's timely proof of claim, even if that amount exceeds the secured portion of the claim.

For all creditors provided for under this subparagraph, if the creditor's claim will not be paid in full, the portion of the creditor's claim that exceeds the amount of the allowed secured claim shall be treated as an unsecured claim under paragraph 2(e) (if the claim identifies the priority position of the claim) and 2(f) below.

*Instruction to debtor(s)*: Use **only one** of the following columns for each creditor: "Estimated Arrearage if Curing," **or** "Collateral Value if Not Paying in Full," **or** "Estimated Secured Claim if Paying Secured Claim in Full." All other columns must be completed.

| Creditor | Collateral | Estimated Arrearage if Curing | **OR** | Collateral Value if Not Paying in Full | **OR** | Estimated Secured Claim if Paying Secured Claim in Full | Post-confirmation Interest Rate | Monthly Plan Payment |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**(2) Secured Claim Modification Not Expressly Authorized by the Code.** This subparagraph may include, but is not limited to, modification of a claim secured by a purchase money security interest in either (1) a motor vehicle acquired for personal use by the debtor within 910 days before the bankruptcy filing date, or (2) any other personal property collateral acquired within one year before the bankruptcy filing. Secured claims provided for in this subparagraph shall be limited to the amount indicated in the "Amount of Claim as Modified (Value of Collateral)" column. The debtor MOVES the court for an order fixing the value of the collateral in the amount stated below.

**DEBTOR PROPOSES THAT THE CREDITOR(S) SPECIFICALLY IDENTIFIED BELOW ACCEPT, EITHER EXPRESSLY OR IMPLIEDLY, THE FOLLOWING TREATMENT WHICH THE COURT MIGHT NOT BE ABLE TO APPROVE ABSENT CONSENT OF CREDITOR(S). FAILURE OF A CREDITOR TO FILE A WRITTEN OBJECTION TO THIS PLAN PRIOR TO CONFIRMATION SHALL CONSTITUTE ACCEPTANCE OF THE PLAN**.

| Creditor | Collateral | Amount of Claim as Modified (Value of Collateral) | Post-confirmation Interest Rate | Monthly Plan Payment |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

(3) Adequate protection payments shall be disbursed by the trustee pre-confirmation from funds on hand with the trustee in the payment amounts specified in the plan for personal property secured creditors, absent a provision in this plan or a court order providing for a different amount to be paid pre-confirmation. If the debtor fails to make a monthly payment sufficient to pay the adequate protection payments in full, the trustee will disburse the funds pro rata according to the monthly payments proposed for those creditors. Adequate protection payments paid through the trustee pre-confirmation will be deducted from the amount of the allowed claim. Unless the concerned creditor is fully secured or oversecured for purposes of §506 or §1325(a)(9), no interest shall be paid from the date of the filing of the petition to the date of confirmation unless otherwise specifically provided for in the payment provisions set forth above.

(4) Attorney Compensation: ~~Original~~ attorney fees and expenses are $_____, of which $_____ remains unpaid. If debtor has agreed to an estimated rather than a fixed fee, upon application, the court in its sole discretion may award not more than $500 in addition to the above amount without further notice. Attorney fees are to be paid either: ☐ From all available funds after paragraph 2(b) payments are made; **or** ☐ Other _____ .

(5) The debtor shall surrender any collateral not otherwise addressed by the terms of this plan no later than upon confirmation of this plan to the following (i.e., state <u>creditor</u> NAME followed by DESCRIPTION of collateral to be surrendered. If the debtor does not have possession of the collateral, this should be indicated below):

(c) Third, pro rata until fully paid, allowed unsecured domestic support obligations under §507(a)(1).

(d) Fourth, allowed administrative expenses under §507(a)(2).

(e) Fifth, pro rata, until fully paid, to allowed priority claims in the order stated in §507(a)(3)-(10), including §1305 claims.

(f) Sixth, pro rata, to timely filed and allowed nonpriority unsecured claims, the amounts required by §1325(b)(1). These monies will be distributed in the method indicated in the section marked below [MARK ONLY **ONE**].

    (1) The creditors will receive approximately _____ % of their claims. Payment of any dividend will depend upon the amount of allowed secured claims, the amount of allowed priority claims (including costs of administration and the debtor's attorney's fees), and the total amount of allowed, nonpriority unsecured claims.

    (2) The creditors will receive a minimum _____ % of their claims. This percentage will not be reduced regardless of the amount of total creditors' claims filed.

(g) Pursuant to §1325(a)(4), the "best interest of creditors" number is determined to be $_____, and not less than that amount shall be distributed to unsecured priority and, pro rata, non-priority creditors with timely filed and allowed claims. The total amount of allowed priority claims will reduce the amount distributed to unsecured, non-priority creditors.

(h) Pursuant to §1325(a)(4), all allowed unsecured claims shall receive interest of _____ % from the time of confirmation.

3. The debtor ASSUMES the following executory contracts and leases:

| Creditor | Amount of Default [State if None] | Cure Provisions |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Those executory contracts or leases not specifically mentioned above are treated as rejected. Any timely filed and allowed claim arising from rejection shall be treated under paragraph 2(f). The debtor will pay all assumed executory contracts and leases directly, including amounts required to cure. The debtor shall surrender any property covered by rejected executory contracts or leases to the affected creditor no later than upon confirmation of this plan.

4. The debtor shall pay directly to each of the following creditors, whose debts are either fully secured or are secured only by a security interest in real property that is the debtor's principal residence, the regular payment due post-petition on these claims in accordance with the terms of their respective contracts, list any pre-petition arrearages in paragraph 2(b)(1) and/or specify any other treatment of such secured creditor(s) in an additional paragraph at the end of this plan:

5. Subject to the provisions of §502, untimely claims are disallowed, without the need for formal objection, unless allowed by court order.

6. The debtor MOVES, pursuant to §522(f)(1), to avoid the judicial liens and/or non-purchase money security interests of

the following creditors because they impair an exemption(s) of the debtor:

Absent objection from a creditor, the order of confirmation will avoid its lien and its claim will be treated in paragraph 2(f).

7. The applicable commitment period of this plan is ☐36 or ☐60 months. Debtor(s) shall make plan payments for the length of the commitment period unless the debtor(s) first pay 100% of all allowed claims with appropriate interest. If the commitment period is 36 months, the plan payments may continue for a longer period, not to exceed 60 months, as necessary to complete required payments to creditors. The approximate length of the plan is _____ months; cause to extend longer than 36 months is as follows:

8. This plan may be altered post-confirmation in a non-material manner by court order after notice to the debtor, the trustee, any creditor whose claim is the subject of the modification and any interested party who has requested special notice.

9. Debtor Certification. Debtor(s) certifies that the petition was filed in good faith, and this plan was proposed in good faith and not by any means forbidden by law. Debtor(s) further certifies that all postpetition domestic support obligations have been paid in full on the date of this plan and will be paid in full at the time of the confirmation hearing.

**ADDITIONAL NONSTANDARD PROVISIONS** (separately number below or on attachment(s), beginning with 10):

_____           _____
            DEBTOR                                      DEBTOR

**CERTIFICATE OF SERVICE on Creditors/Parties Treated in Paragraphs 2(b)(1)** (under the "Collateral Value if Not Paying in Full" column), **2(b)(2)** (under the "Amount of Claim as Modified" column), **3,** and **6** (see FRBP 3012, 4003(d), and 9014, and LBR 6006-1(b)). I certify that copies of this plan and the notice of hearing to confirm this plan were served as follows:

a) For creditors/parties who are **not** Insured Depository Institutions (served by court) (see FRBP 7004(b)), I either listed the creditors/parties in the mailing list filed with the court exactly as follows, OR, on (insert date) _____, I served the above-documents by first-class mail to the creditors/parties at the names and addresses exactly as follows (list each creditor/party, the person or entity the creditor/party was served through, and the address):

b) For Insured Depository Institutions (see FRBP 7004(h)), on (insert date) _____, I served the above-documents by certified mail, or by other authorized means (specify), at the name and address exactly as follows (list each insured depository institution, the person or entity the institution was served through, and the address):

_____
DEBTOR OR DEBTOR'S ATTORNEY

1300.14 (12/1/16)          Page 4 of 4          [Note: Printed text may not be stricken.]

Case 15-33230-tmb13    Doc 64    Filed 03/30/17

Chapter 13 Plan Continued:

10. Except as otherwise provided herein, postpetition interest on all unsecured claims is disallowed. Interest continues to accrue on debts that are excepted from discharge.

11. Notwithstanding ¶8, Debtor(s) reserve any and all of their rights under the Bankruptcy Code & Rules, and ¶8 shall not be deemed a waiver by Debtor(s) of any of their rights under the Bankruptcy Code & Rules.

12. Attorneys' fees are charged on an hourly basis. Amounts shown in ¶2 are only estimates of hourly charges and are not binding on any party or on Debtor(s)' counsel. Such amounts will be updated in the Order Confirming Plan and periodically thereafter.

13. The Order of Confirmation shall not preclude the assertion by Debtor(s) against any creditor of any and all objections to claims, nor the raising by Debtor(s) of offsets, counterclaims or recoupment against any creditor.

14. Class I - US Bank; Class II - All unsecured claims. All funds due unsecured claims from the first 36 payments and tax refunds during that period, shall be prorated among Class II claims. Subject to below, all funds available for unsecured non-priority claims after the 36th payment shall be paid to satisfy Class I claims concurrently with attorneys fees. If any paragraph 2(g) "best interest of creditors" number has not been satisfied during the first 36 months, that number shall be satisfied before any funds are distributed to Class I after the 36th month. . Class I will receive approximately 100%. Class II will receive approximately 0%.

15. Debtor(s) shall be permitted to retain $5,564.00 from tax year(s) 2013 and 2014 refund(s) over and above any Earned Income Credit for the following expenses: home and yard maintenance. This retained amount shall not be included in the base amount of the plan.

16. The debtor(s) shall sell or refinance their personal residence located at 5519 SE 56th Ave, Portland, OR 97206 not later than August, 2018 and shall pay to the Trustee from the proceeds at closing, funds sufficient to pay all creditors secured by the subject property remaining in the plan. Secured creditors are Green Tree Servicing, Inc., JP Morgan Chase and Stanley C. Kennedy Enterprises, Inc.; dba Kennedy Restoration. Debtor(s) shall also pay to the Trustee for distribution through the Plan, non- exempt proceeds to the extent required by the Trustee's payoff quote. The debtor(s) shall obtain the Trustee's permission prior to any sale or refinance and to obtain that permission, provide copies to the Trustee of a preliminary closing statement and title report. The debtor(s) shall provide the Trustee with a copy of the final closing statement within 15 days following the close of the sale or refinance.

17. This plan is prospective only and shall not alter or affect the debtors' obligations under any previously confirmed plan.