Below is an order of the court.

*Trish M. Brown*
TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| In re | ) Case No. __15-33230-tmb13__ |
| **Thomas Edward Bray and Linda Joyce Bray** | ) |
| | ) **Order,** drafted on: __12/03/2015__, |
| | ) Re: Relief From (Check all that apply): |
| | ) ☒ **Debtor Stay** ☐ **Codebtor Stay** |
| | ) **Creditor:** __Chalet Properties III, LLC__ |
| Debtor(s) | ) **Codebtor:** _____ |

The undersigned, __Scott D. Crawford__, whose address is __121 Southwest Salmon St., 11th Floor, Portland, OR 97204__, email is __scrawford@zbslaw.com__, phone number is __503-946-6558__, and any OSB # is __086448__, presents this order based upon:

☐ The completed stipulation of the parties located at the end of this document.

☐ The oral stipulation of the parties at the hearing held on _____.

☐ The ruling of the court at the hearing held on _____.

☒ Creditor certifies that any default notice required by paragraph 5 of the order re: relief from stay entered on __12/15/15__ was mailed, and that debtor(s) failed to comply with the conditions of that order. The dates and amounts of missed cure payments and the date of creditor's notice of default are as follows:
**Notice of Default was mailed 3/20/19 for Payments from 7/1/16 to 7/1/16 at $1,718.88, 8/1/16 to 7/1/17 at $1,747.40, 8/1/17 to 3/1/19 at $1,744.96**

720.90 (12/1/2018)    Page 1 of 5

☐ Creditor certifies that no response to the motion for relief from stay filed on _____ and served on _____ was filed within the response period plus 3 days.

**IT IS ORDERED** that, except as provided in paragraph 4 below, the stay existing pursuant to 11 U.S.C. § 362(a) remains in effect as to the property described below (hereinafter "the property"):

☐ Personal property described as (e.g., 2001 Ford Taurus):

☐ Real property located at (i.e., street address):
**5519 SE 56TH AVE, PORTLAND, OR 97206**

☐ [Optional unless in rem relief granted] Exhibit A attached hereto is the legal description of the property.

**IT IS FURTHER ORDERED** that the stay is subject to the conditions marked below:

☐ 1. **Regular Payment Requirements**.

☐ a. Debtor(s) must deliver regular monthly payments in the amount of $_____ commencing _____ to creditor at the following address:

☐ b. The chapter 13 trustee must immediately pay and disburse to creditor the amount of $_____ per month from funds paid to the trustee by debtor(s), and continue each month until the plan is confirmed, at which time the plan payment terms will control. Payments made by the trustee under this order are deemed to be payments under the plan for purposes of the trustee's collection of percentage fees.

☐ c. Debtor(s) must pay to the trustee any and all payments required to be paid under the terms of the chapter 13 plan.

☐ 2. **Cure Payment Requirements**. Debtor(s) must cure the post-petition default of $_____ consisting of:

(e.g., $_____ in payments and $_____ in late charges for April - June 2018), as follows:

☐ a. In equal monthly installments of $_____ each, commencing _____ and continuing thereafter through and including _____.

☐ b. By paying the sum of $_____ on or before _____, and the sum of $_____ on or before _____.

☐ c. Other (describe):

☐ 3. **Insurance Requirement(s)**. Debtor(s) must maintain insurance on the property at all times as required by the security agreement, naming _____ as the loss payee.

On or before _____ debtor(s) must provide counsel for creditor with proof of insurance.

☒ 4. **Stay Relief and Codebtor Stay Relief without Cure Opportunity**.

☐ a. Upon default in the conditions in paragraph(s) _____ creditor may file and serve a certificate of non-compliance specifying the default, together with a proposed order terminating the stay to allow creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, which the court may grant without further notice or hearing.

☐ b. The stay is terminated to allow creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, provided that a foreclosure sale shall not occur prior to _____.

☐ c. Creditor is granted relief from stay effective _____ to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

☒ d. Creditor is granted relief from stay to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

☐ e. If a creditor with a senior lien on the property is granted relief from stay, creditor may file and serve a certificate identifying the senior lienholder and a proposed order terminating the stay, which the court may grant without further notice or hearing.

☐ f. Creditor is granted relief from stay to _____ _____.

☐ g. Creditor is granted in rem relief from stay with respect to the real property described above and in Exhibit A. This order shall be binding in any other case filed under 11 U.S.C. purporting to affect such real property filed not later than two (2) years after the date of the entry of this order unless the bankruptcy court in the subsequent case grants relief from this order. Any governmental unit that accepts notices of interests or liens in real property must accept a certified copy of this order for indexing and recording.

☐ h. Creditor is granted relief from the codebtor stay, as it applies to the codebtor(s) named in the caption above, to enforce the terms of the contract and collect the deficiency balance.

☐ i. [Chapters 12 and 13 only] All disbursements by the trustee to the creditor pursuant to the plan on account of creditor's secured claim (claim no. _____) against the property must cease. Debtor(s) and creditor have agreed to this modification of the plan, and formal notice of this plan modification is not required because there is no negative effect on any nonconsenting creditor; the undersigned certifies receipt of written confirmation that debtor(s) has no objection to this paragraph.

☐ 5. **Stay Relief with Cure Opportunity**. Upon default in the checked condition(s) in paragraphs 1 - 3, creditor must serve written notice of default on ☐ debtor(s) and ☐ attorney for debtor(s) that gives debtor(s) _____ calendar days after the mailing of the notice to cure the default. If debtor(s) fails to cure the default in accordance with this paragraph, then creditor shall be entitled to submit a proposed order terminating the stay, which the court may grant without further notice or hearing.

☐ a. The notice of default may require that debtor(s) make any payment that becomes due between the date the notice of default is mailed and before the cure deadline.

☐ b. The notice of default may require debtor(s) to pay $_____ for the fees and costs of sending the notice.

☐ c. Only _____ notices of default and opportunity to cure are required per ☐ year (calculated from date of entry of this order), ☐ during the remainder of this case, or ☐ (describe):

☐ 6. **Amended Proof of Claim**. Creditor must file an amended proof of claim to recover all accrued post-petition attorney fees and costs and (describe):

☒ 7. **Miscellaneous Provisions**.

☐ a. If creditor is granted relief from stay, the 14-day stay provided by FRBP 4001(a) is waived.

☒ b. Any notice that creditor's counsel must give to debtor(s)/codebtor(s), or attorney for debtor(s)/codebtor(s), pursuant to this order will not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

☐ 8. A final hearing on creditor's motion for relief from stay will be held on _____ at _____ in _____.

☐ 9. Other:

###

Presented and certified by:

 /s/ Scott D. Crawford

It is so stipulated.

Creditor's Attorney:

_____

Name: _____

OSB#: _____

No objection to order by case trustee.

By: _____

Debtor(s)'s Attorney:

_____

Name: _____

OSB#: _____

Codebtor's Attorney:

_____

Name: _____

OSB #: _____